No. 27,727.

AUGUST CHIPPEAUX, *Appellant*, v. THE WESTERN COAL AND
MINING COMPANY, *Appellee.*

(260 Pac. 625.)

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Decisions Reviewable—Intermediate Orders.* In a compensation case where the award of an arbitrator was brought before the district court for review and before the evidence was concluded, the court ordered that the injured employee go to a hospital outside the jurisdiction of the court and about one hundred miles away and submit to an examination there by a named physician, the employer to pay the expenses of the employee in going to and returning from the hospital, and also while he remained there, but refused to require the employer to pay the expenses of a physician selected by the employee whom he desired to be present and participate in such examination. The employee, insisting that the order in its terms was unreasonable and unwarranted by law, refused compliance with it. The trial was suspended at this stage of the proceedings, and thereupon the employee undertook to appeal from the order. No disposition of the case has been made by the district court. *Held,* that the order is intermediate and not appealable.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed November 5, 1927. Dismissed.

*Sylvan Bruner,* of Pittsburg, for the appellant.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: August Chippeaux was an employee of the Western Coal and Mining Company, and while in the regular course of employment was accidentally caught and crushed between cribbing and a cage of hoisting apparatus, and then fell back into the sump, a distance of about twenty feet, upon his head, shoulders and back. He claimed compensation and the defendant made payments thereof to the extent of fifteen dollars per week for a period of ten weeks, after which payments were discontinued. By consent an arbitrator was appointed and the parties agreed upon the questions submitted for arbitration. In the course of the arbitration a question arose as to the extent and duration of plaintiff's disability, and defendant requested that an order be made by the arbitrator requiring

Appeal and Error, 3 C. J. pp. 433 n. 7; 436 n. 8, 443 n. 56, 495 n. 98. Workmen's Compensation Acts, C. J. p. 128 n. 19.

him to go to the Bell Memorial Hospital at Kansas City, Kan., more than one hundred miles away and submit to an examination by Dr. Thomas G. Orr, of Kansas City, Mo., and accompanying the request was an offer to pay the expenses of plaintiff in going to and from Kansas City. Plaintiff declined to go, saying that he could not afford to pay the cost of taking his physician to that place, and that he desired him to be present if an examination was made. At the same time the plaintiff offered to go to Joplin, Mo., thirty-five miles away, for an examination. The arbitrator held that the plaintiff was not required to go to the Bell Memorial Hospital for an examination by Doctor Orr. At the close of the testimony the arbitrator found that plaintiff was totally and permanently disabled, and awarded the compensation provided by statute for such disabilities. Defendant then petitioned the district court for a review of the award upon all the statutory grounds, and when the case came before the district court defendant renewed his request for an examination by Doctor Orr, who is a member of the hospital staff and is also the surgeon of the United States Fidelity & Guaranty Company, which had given a bond insuring defendant. The grounds of plaintiff's objection were:

"That the same is not required under the workmen's compensation law of the state of Kansas, as requested by defendant, for the reason that the examination requested by defendant is not reasonable in time or place, and for the further reason that it is not reasonable because the cost to the plaintiff of having a physician of his own choosing present at such examination as requested by defendant in Kansas City, Kan., is prohibitive to the plaintiff, for the reason that it would be impossible for the plaintiff to have a physician and surgeon of his own choosing present at Kansas City, Kan., to participate in the requested examination by the said defendant, and for the further reason, the said plaintiff has submitted himself with great expense to himself in order to have his own physician present, at defendant's request, to an examination by Dr. A. M. Gregg of Joplin, Mo., and for the further reason that the examination requested by defendant is of the same type of examination that can be made by doctors in Crawford county, Kansas, and doctors in Joplin, Mo., and in close proximity to the city of Pittsburg, Kan. And object for the further reason that the defendant has had the plaintiff examined, and the said plaintiff has submitted to examination by Dr. C. H. Fayne, of Pittsburg, Kan., and Dr. W. V. Hartman, of Pittsburg, Crawford county, Kansas, as often as said defendant has requested the same; and object for the further reason that the defendant herein has refused to pay the necessary expenses and fees and costs to the plaintiff of having a physician and surgeon of his own choosing present at the requested examination by the defendants herein, at Kansas City, Kan., and for the further reason that the

plaintiff is now asked to submit to an examination outside of the jurisdiction of this court, to wit: 135 miles from Pittsburg, Kan., at Kansas City, Kan., and he has already submitted himself to an examination by the defendant's physicians, Doctor Hartman and Doctor Fayne and Dr. A. M. Gregg, of Joplin, Mo., thirty-five miles from Pittsburg, all at the request of defendant, and without objection. And plaintiff at this time offers to submit himself for examination, as required by section 44-516 of the Revised Statutes of 1923, under the workmen's compensation law of the state of Kansas, and the plaintiff' further offers to submit to an examination by any physicians of the defendant in Crawford county, Kansas, and to present himself for such examination anywhere within the confines of Crawford county, Kansas, or the jurisdiction of this court, or to submit to any examination by physicians or surgeons of defendant's choosing at any reasonable time or place."

The court granted the request of defendant and directed the plaintiff to submit himself for examination under the supervision of Doctor Orr, and that the defendant advance to plaintiff a sufficient sum of money to pay his expenses to and from Kansas City, Kan., and while there, and at the same time directed the defendant to pay the plaintiff the sum of twenty-five dollars to be used for such expenses, and if said sum was not sufficient to pay the expenses, the defendant was to pay the additional amount necessary to meet such expenses of plaintiff. The court declined to make any order against defendant to pay the expenses of an accompanying physician chosen by plaintiff to be present when the examination was made.

The proceedings stopped at this point, and no further order was made towards the disposition of the proceeding.

The first question that arises is whether the order made is appealable. It is contended that it is not a final order and that the appeal should be dismissed. The second is that in the event it is held there was a right of appeal the requirement made by the district court was so unreasonable and unjust as to render the order erroneous.

The first question raised is the only one that is open to our consideration. The ruling relates to the obtaining and receiving of evidence upon which, together with such other evidence as may be finally received, a judgment may be rendered. It is substantially the same as a ruling admitting testimony or requiring the inspection of a paper or document which is intermediate in character and not reviewable until after judgment. (*Railway Co. v. Burks*, 78 Kan. 515, 96 Pac. 950.) The plaintiff insists that the order was judicial, and that may be granted, but it is not enough that it be judicial;

it must also be final in character. The code provides that appeals may be taken from a final order or one that involves the merits of the action from the district court, and several other orders not material in this proceeding. (R. S. 60-3302.) The code then proceeds to define a final order:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment." (R. S. 60-3303.)

It is clear that the order is purely intermediate, that it does not involve the merits of the action or proceeding; neither does it determine the action and prevent a judgment.

Attention is called to the provision of the compensation law to the effect that an injured employee shall, upon the request of an employer, submit himself for examination at some reasonable time and place by a reputable physician or surgeon selected by the employer, and it also may be had at intervals thereafter. Among other things, it is provided that in such examination the employee shall be entitled to have a physician or surgeon of his own selection present to participate in the examination, and that unless reasonable opportunity be given for the employee's physician to participate the employer's physician shall not be permitted to testify in the case. (R. S. 44-515.)

There is a further provision that if the employee refuses to submit to an examination, or unnecessarily obstructs or prevents it, his right to compensation will be suspended until he does submit. (R. S. 44-518.) Obviously the refusal to submit to the examination mentioned did not end the litigation. A party, however, is not deprived of an appeal and a review of the question when the litigation is ended. Under the statute a refusal to submit to an examination operates only to suspend payment of compensation until a submission to a reasonable examination shall have taken place. If plaintiff should conclude to submit to the examination the trial may then proceed to a finality, and if it be adverse to plaintiff he may then procure a review of the order. On the other hand, if the court should later determine that the examination required was not reasonable and just in view of the circumstances, and should choose to modify the order, the trial may then be completed. If the court, upon ap-

plication of plaintiff to proceed with the trial, should bar the plaintiff from further trial or should dismiss the proceeding the question would then be open for review.

It follows that the appeal must be dismissed.